MAYALL HURLEY P.C.
WILLIAM J. GORHAM (SBN: 151773)
wgorham@mayallaw.com
NICHOLAS J. SCARDIGLI (SBN: 249947)
nscardigli@mayallaw.com
ROBERT J. WASSERMAN (SBN: 258538)
rwasserman@mayallaw.com
VLADIMIR J. KOZINA (SBN: 284645)
vjkozina@mayallaw.com
2453 Grand Canal Boulevard
Stockton, California 95207-8253
Telephone: (209) 477-3833
Facsimile: (209) 473-4818

Attorneys for Plaintiff Denise Titus and the Putative Class

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE TITUS, an individual, | Case No.: |
| Plaintiff, | CLASS ACTION COMPLAINT FOR |
| vs. | 1. **FAILURE TO PAY OVERTIME** |
| PARAMOUNT EQUITY MORTGAGE, LLC; and DOES 1-100, inclusive, | 2. **FAILURE TO PROVIDE MEAL BREAKS OR PAY PREMIUMS** |
| Defendants. | 3. **FAILURE TO PROVIDE REST BREAKS OR PAY PREMIUMS** |
| | 4. **FAILURE TO TIMELY PAY WAGES AT END OF EMPLOYMENT** |
| | 5. **FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS** |
| | 6. **FAILURE TO MAINTAIN COPIES OF ACCURATE ITEMIZED WAGE STATEMENTS** |
| | 7. **VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200** |
| | **JURY TRIAL DEMANDED** |

Plaintiff Denise Titus brings this Class Action against Paramount Equity Mortgage, LLC and Does 1 through 100, for violations of the Fair Labor Standards Act, California Labor Code, and Business and Professions Code.

Class Action Complaint
Page 1 of 17

## PARTIES

1. Denise Titus ("Titus" or "Plaintiff") is and at all times relevant herein was employed in Placer County, California, and was an "employee" as defined by the Fair Labor Standards Act, the California Labor Code, and the applicable IWC Order(s).

2. Paramount Equity Mortgage, LLC ("Paramount Equity") is a California Corporation and, at all times relevant herein, was an "employer" as defined by the Fair Labor Standards Act, the California Labor Code, and the applicable IWC Order(s).

3. Paramount Equity and Does 1-100 are collectively referred to as Defendants.

4. Plaintiff is not aware of the true names and capacities of the Defendants sued herein as Does 1 through 100, whether individual, corporate, associate, or otherwise and therefore sues such Defendants by these fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries and damages herein alleged were legally caused by such Defendants. Unless otherwise indicated, each Defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-Defendant.

5. Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant, employee, partner and/or joint venturer of and was acting in concert with each of the remaining Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times acting within the course and scope of such agency, service, employment partnership, joint venture and/or concert of action. Each Defendant, in doing the acts alleged herein, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining Defendants.

/ / /

/ / /

/ / /

## JURISDICTION AND VENUE

6. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because the unlawful acts alleged herein took place in Placer County and Plaintiff's place of employment with Defendants was within this District. Plaintiff hereby demands a jury trial.

## GENERAL ALLEGATIONS

7. Mrs. Titus was hired as a Funder/Closer in August of 2015

8. Mrs. Titus was at all relevant times herein qualified for the positions she held.

9. Mrs. Titus was an hourly, non-exempt employee who worked in Paramount Equity's Roseville, CA office.

10. Throughout her employment, Paramount Equity failed to properly calculate and pay the overtime wages owed to Mrs. Titus and its other hourly, non-exempt employees.

11. Specifically, Paramount Equity failed to include commissions, non-discretionary bonuses and other items of compensation when determining its employees' "regular rate of pay" for purposes of overtime.

12. Instead, Paramount Equity utilized only its employees' base rate and multiplied that by 1.5 or 2.0, as appropriate, in order to obtain their overtime rate. See copies of Mrs. Titus' wage statement attached as **Exhibit 1**.[1]

13. Otherwise, Paramount Equity failed to properly calculate its employees' "regular rate of pay" for purposes of overtime. See copies of Mrs. Titus' wage statement attached as **Exhibit 2**.

14. Consequently, Mrs. Titus and all of Paramount Equity's hourly, non-exempt employees who received commissions, non-discretionary bonuses and/or other items of compensation and worked more than 8 hours in a day or 40 hours in a workweek were not adequately paid for all of the overtime they worked.

---

[1] Exhibits 1 – 2 are incorporated by this reference as though fully set forth herein. Some Exhibits have been reduced and/or redacted due to their size and content.

15. Additionally, Mrs. Titus and Paramount Equity's other hourly, non-exempt California employees did not receive all of the meal and rest breaks to which they were entitled.

16. On numerous occasions, Mrs. Titus and Paramount Equity's other hourly, non-exempt California employees did not receive their meal breaks, did not timely receive their meal breaks, did not receive an uninterrupted meal breaks and/or did not receive the requisite number of meal breaks for the duration of their shifts.

17. On numerous occasions, Mrs. Titus and Paramount Equity's other hourly, non-exempt California employees did not receive their rest breaks, did not timely receive their rest breaks, did not receive an uninterrupted rest breaks and/or did not receive the requisite number of rest breaks for the duration of their shifts

18. Mrs. Titus and Paramount Equity's other hourly, non-exempt California employees also were not paid premium pay when they missed a meal or rest break.

19. Because Mrs. Titus and Paramount Equity's other hourly, non-exempt California employees are not paid their proper overtime and do not receive premium pay for missed meal and rest breaks, they are not timely paid with their bi-monthly paychecks or upon the cessation of their employment.

20. Because of the violations set forth above, and as evidenced in the samples of Mrs. Titus' wage statements attached hereto as **Exhibits 1** and **2**, the wage statements furnished by Paramount Equity violated Labor Code section 226(a) insofar as they failed to accurately show:

   a. The gross wages earned in violation of section 226(a)(1);
   b. The total number of hours worked by the employee in violation of section 226(a)(2);
   c. The net wages earned in violation of section 226(a)(5);
   d. The name of the employee and only the last for digits of his or her social security number or an employee identification number other than a social security number in violation of section 226(a)(7);
      i. Beginning in January 2016, the wage statements furnished by Paramount Equity impermissibly list its employees' *entire* social security number.
   e. All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9).

21. Paramount Equity was, at all times relevant herein, aware of the requirements of Labor Code section 226.

22. Paramount Equity has, at all times relevant herein, furnished wage statements to each of its California employees pursuant to an established set of policies, procedures and practices.

23. Mrs. Titus and Paramount Equity's other California employees, both current and former, have suffered injury as a result of Paramount Equity's knowing and intentional failure to comply with Labor Code section 226(a).

24. Mrs. Titus and Paramount Equity's other hourly, non-exempt California employees, both current and former, have suffered injury as a result of Paramount Equity's knowing and intentional failure to furnish wage statements accurately showing the gross wages earned by them in violation of Labor Code section 226(a)(1).

25. Mrs. Titus and Paramount Equity's other hourly, non-exempt California employees, both current and former, have suffered injury as a result of Paramount Equity's knowing and intentional failure to furnish wage statements accurately showing the total number of hours worked by the employee in violation of Labor Code section 226(a)(2).

26. Mrs. Titus and Paramount Equity's other hourly, non-exempt California employees, both current and former, have suffered injury as a result of Paramount Equity's knowing and intentional failure to furnish wage statements accurately showing the net wages earned by the employee in violation of Labor Code section 226(a)(5).

27. Mrs. Titus and Paramount Equity's other California employees, both current and former, have suffered injury as a result of Paramount Equity's knowing and intentional failure to furnish wage statements showing the name of the employee and only the last for digits of his or her social security number or an employee identification number other than a social security number in violation of section 226(a)(7).

28. Mrs. Titus and Paramount Equity's other hourly, non-exempt California employees, both current and former, have suffered injury as a result of Paramount Equity's knowing and intentional failure to furnish wage statements accurately showing applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee in violation of Labor Code section 226(a)(9).

29. Mrs. Titus and Paramount Equity's other hourly, non-exempt California employees, both current and former, were unable to promptly and easily determine their gross wages earned from the wage statements furnished by Paramount Equity.

30. Mrs. Titus and Paramount Equity's other hourly, non-exempt California employees, both current and former, were unable to promptly and easily determine the total number of hours they worked from the wage statements furnished by Paramount Equity.

31. Mrs. Titus and Paramount Equity's other hourly, non-exempt California employees, both current and former, were unable to promptly and easily determine their net wages earned from the wage statements furnished by Paramount Equity.

32. Mrs. Titus and Paramount Equity's other hourly, non-exempt California employees, both current and former, were unable to promptly and easily determine all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate from the wage statements furnished by Paramount Equity.

33. Mrs. Titus is informed and believes, and based thereon alleges, that Paramount Equity has also failed maintain copies of the wage statements issued to herself and its other California employees, both current and former, conforming with Labor Code section 226(a), for at least three years at the place of employment or at a central location within the State of California.

## **CLASS ACTION ALLEGATIONS**

34. Plaintiff seeks to maintain this action as a class action as to the First through Eighth causes of action. Plaintiff brings this action, on behalf of herself and all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The putative class which Plaintiff seeks to represent consists of the following:

    a. All current and former hourly, non-exempt employees of Paramount Equity who received commissions, non-discretionary bonuses and/or other items of compensation and worked more than 8 hours in a day or 40 hours in a workweek from February 10, 2012 through the date of final judgment (the "Regular Rate Class");

        b.      All current and former hourly, non-exempt California employees of Paramount Equity from February 10, 2012 through the date of final judgment (the "Meal and Rest Break Class");

        c.      All hourly, non-exempt California employees of Paramount Equity who received commissions, non-discretionary bonuses and/or other items of compensation and worked more than 8 hours in a day or 40 hours in a workweek between February 10, 2015 through the date of final judgment (the "Wage Statement Class"); and

        d.      All former hourly, non-exempt California employees of Paramount Equity whose employment ended between February 10, 2015 and the date of final judgment (the "Waiting Time Penalty Class").

The Regular Rate Class, Hourly, Meal and Rest Break Class, Wage Statement Class and Waiting Time Penalty Class are collectively referred to as the Class.

      35.      The class of persons is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action is a benefit to the parties and to the Court. Plaintiff is informed and believes, and based thereon alleges, that Defendants employ more than 800 employees who satisfy the class definition. Although the exact number and identity of class members is not presently known, they can be identified in Defendants' records through coordinated discovery pursuant to this class action.

      36.      This action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure because the questions of law and fact which are common to class members clearly predominate over any questions affecting only individual members and because a class action is superior to other available methods for adjudicating the controversy.

      37.      There are numerous common questions of law and fact arising out of Defendants' conduct. This class action focuses on Defendants': a) uniform miscalculation of the "regular rate of pay" of its hourly, non-exempt employees' as well as the underpayments that flow therefrom; b) failure to provide requisite meal and rest breaks, or the premium pay associated with missed meal

and rest breaks to its hourly, non-exempt California employees; c) failure to timely pay its hourly, non-exempt California employees; and d) systemic violation of Labor Code section 226(a).

38. Furthermore, common questions of fact and law predominate over any questions affecting only individual members of the class. The predominating common or class-wide questions of law and fact include the following:

a. Whether Defendants failed to pay their hourly, non-exempt employees for all of the overtime they are owed;

b. Whether Defendants failed to include commissions, non-discretionary bonuses and other items of compensation when determining their hourly, non-exempt California employees' "regular rate of pay" for purposes of overtime;

c. Whether Defendants miscalculated the "regular rate of pay" of their hourly, non-exempt employees;

d. Whether Defendants underpaid their hourly, non-exempt employees because of the alleged miscalculation of their "regular rate of pay";

e. Whether Defendants provided meal and rest breaks, or the premium pay associated with missing the same to their hourly, non-exempt California Employees;

f. Whether Defendants failed to pay all compensation due and owing to former hourly, non-exempt California employees at the end of their employment;

g. Whether the wage statements Defendants furnished to their hourly, non-exempt California employees comply Labor Code section 226(a)(1), (2), (5), and (9);

h. Whether the wage statements furnished by Defendants to its California employees comply Labor Code section 226(a)(7);

i. Whether Defendants have maintained wage statements in compliance with Labor Code section 226(a);

j. Whether the alleged violations constitute unfair business practices;

        k.      Whether the Class is entitled to injunctive relief; and

        l.      Whether the Class is entitled to unpaid wages, civil and statutory penalties and/or restitutionary relief, and the amount of the same.

39. Plaintiff's claims are typical of the claims of the members of the Class as a whole, all of whom have sustained and/or will sustain damage and injury as a proximate and/or legal result of the alleged violations of Defendants. Plaintiff's claims are typical of those of the Class because Defendants subjected Plaintiff and each member of the Class to the same violations alleged herein.

40. The defenses of Defendants, to the extent that such defenses apply, are applicable generally to the whole Class and are not distinguishable as to the proposed class members.

41. Plaintiff will fairly and adequately protect the interests of all members of the Class, and has retained attorneys with extensive experience in litigation, including class and representative actions. Plaintiff has no interests that conflict with those of the Class. Plaintiff is able to fairly and adequately protect the interests of all members of the class because it is in her best interest to prosecute the claims alleged herein in order to obtain the full compensation due herself and the other class members.

42. A class action is superior to any other method available for fairly and efficiently adjudicating the controversy because 1) joinder of individual class members is not practicable, 2) litigating the claims of individual class members would be unnecessarily costly and burdensome and would deter individual claims, 3) litigating the claims of individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants, 4) class members still working for Defendants may be fearful of retaliation if they were to bring individual claims, 5) class members would be discouraged from pursuing individual claims because the damages available to them are relatively small, and 6) public policy encourages the use of the class actions to enforce employment laws and protect individuals who, by virtue of their subordinate position, are particularly vulnerable.

/ / /

/ / /

/ / /

43.  Judicial economy will be served by maintenance of this lawsuit as a class action. To process numerous virtually identical individual cases will significantly increase the expense on the Court, the class members, and Defendants, all while unnecessarily delaying the resolution of this matter. There are no obstacles to effective and efficient management of this lawsuit as a class action by this Court and doing so will provide multiple benefits to the litigating parties including, but not limited to, efficiency, economy, and uniform adjudication with consistent results.

44.  Notice of a certified class action and any result or resolution of the litigation can be provided to class members by mail, email, publication, or such other methods of notice as deemed appropriate by the Court.

**FIRST CAUSE OF ACTION**
**VIOLATION OF FAIR LABOR STANDARDS ACT AND**
**LABOR CODE §§ 510 & 1198**
**(Failure to Pay Overtime)**
**Against Paramount Equity and Does 1 through 100**

45.  Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

46.  The Fair Labor Standards Act, 29 USC §§ 201 et seq. and 29 CFR §§ 778 et seq. requires time-and-a-half pay for the time an employee works over forty hours a week.

47.  Pursuant to California Labor Code section 510, any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

48.  Pursuant to Labor Code section 1198, the maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees and the employment of any employee for longer hours than those fixed by the commission or under conditions of labor prohibited by the order is unlawful.

49. The "regular rate of pay" includes all remuneration for employment paid to the employee and includes, but is not limited to, hourly earnings, salary, piece work earnings, commissions, non-discretionary bonuses, and the value of meals and lodging. See 29 U.S.C. § 207(e); DLSE Enforcement Policies and Interpretations Manual Section 49.

50. During the relevant time period, Plaintiff and the other members of the Regular Rate Class regularly worked overtime.

51. During the relevant time period, Defendants failed to include commission, non-discretionary bonuses and other items of compensation when determining the "regular rate of pay" for Plaintiff and the other members of the Regular Rate Class.

52. During the relevant time period, Defendants failed to properly calculate the "regular rate of pay" for Plaintiff and the other members of the Regular Rate Class.

53. During the relevant time period, Defendants intentionally and willfully failed to pay the proper overtime wages due to Plaintiff and the other members of the Regular Rate Class.

54. Wherefore, Plaintiff and the other members of the Regular Rate Class have been injured as set forth above and request relief as hereafter provided.

## SECOND CAUSE OF ACTION
### VIOLATION OF LABOR CODE §§ 226.7 and 512
### (Failure to Provide Meal Periods)
### Against Paramount Equity and Does 1 through 100

55. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

56. Labor Code section 226.7 requires employers to provide employees meal periods as mandated by Order of the Industrial Welfare Commission. It states:

    a. No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

    b. If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee 1 additional hour of pay at the

employee's regular rate of compensation for each work day that the meal or rest period is not provided

57. Labor Code § 512(a) and the applicable Wage Order(s) provide that an employer may not employ a person for a work period of more than 5 hours per day without providing that employee a meal period of not less than 30 minutes, except that if the total work period per day is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ a person for a work period of more than 10 hours per day without providing an employee with a second meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than twelve 12 hours, the meal period may be waived by mutual consent of both the employer and the employee, and if the first meal period was not waived.

58. During the relevant time period, Plaintiff and the other members of the Meal and Rest Break Class were not provided with meal breaks as required by law; nor did they receive an additional hour of premium pay for each missed meal period.

59. Wherefore, Plaintiff and the other members of the Meal and Rest Break Class have been injured as set forth above and request relief as hereafter provided.

### THIRD CAUSE OF ACTION
### VIOLATION OF LABOR CODE §§ 226.7 and 512
### (Failure to Provide Rest Breaks)
### Against Paramount Equity and Does 1 through 100

60. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

61. Labor Code section 226.7 requires employers to provide employees meal periods as mandated by Order of the Industrial Welfare Commission. It states:

    a. No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

    b. If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission,

the employer shall pay the employee 1 additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided

62. During the relevant time period, Plaintiff and the other members of the Meal and Rest Break Class were not provided with rest breaks as required by law; nor did they receive an additional hour of premium pay for each missed rest break.

63. Wherefore, Plaintiff and the other members of the Meal and Rest Break Class have been injured as set forth above and request relief as hereafter provided.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE §§ 201 and 202**
**(Failure to Timely Pay Wages at End of Employment)**
**Against Paramount Equity and Does 1 through 100**

64. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

65. Pursuant to Labor Code section 201, if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

66. Pursuant to Labor Code section 202, if an employee quits his or her employment, his or her wages become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours' previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

67. During the relevant time period, Plaintiff and the other members of the Waiting Time Penalty Class were not timely paid all of their earned but unpaid wages when their employment with Defendants ended.

68. During the relevant time period, Defendants intentionally and willfully failed to timely pay Plaintiff and the other members of the Waiting Time Penalty Class all of their earned and unpaid wages when their employment ended.

69. Wherefore, Plaintiff and the other members of the Waiting Time Penalty Class have been injured as set forth above and request relief as hereafter provided.

/ / /

# FIFTH OF ACTION
## VIOLATION OF LABOR CODE § 226
### (Failure to Provide Accurate Itemized Wage Statements)
### Against Paramount Equity and Does 1 through 100

70. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

71. Pursuant to Labor Code section 226(a) "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when the wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee . . ., (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number, (8) the name and address of the legal entity that is the employer . . ., (9) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee and, if the employer is a temporary services employer . . ., the rate of pay and the total hours worked for each temporary services assignment."

72. An employee suffering injury as a result of the knowing and intentional failure by an employer to comply with Labor Code section 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed the aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees. Labor Code § 226(e)(1).

/ / /

/ / /

/ / /

/ / /

73. An employee is deemed to suffer injury if the employer fails to provide a wage statement or if the employer fails to provide accurate and complete information as required by any one or more of the items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone, i) the amount of gross/net wages paid to the employee during the pay period or any of the other information required to be provided pursuant to Labor Code section 226(a) items (2) to (4), inclusive, (6) and (9), ii) deductions made by the employer, iii) the name and address of the employer and iv) the name of the employee and the last four digits of his or her social security number or employee identification number. Labor Code § 226(e)(2)(A) and (B)(i)-(iv). "Promptly and easily determine" means a reasonable person would be able to readily ascertain the information without reference to other documents or information. Labor Code § 226(e)(2)(C).

74. During the relevant time period, Defendants intentionally and willfully failed to furnish accurate itemized wage statements in violation of Labor Code section 226(a).

75. Wherefore, Plaintiff and the other members of the Wage Statement Class have been injured as set forth above and request relief as hereafter provided.

## SIXTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE § 226
**(Failure to Maintain Copies of Accurate Itemized Wage Statements)**
**Against Paramount Equity and Does 1 through 100**

76. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

77. Pursuant to Labor Code section 226(a), every employer shall maintain for each of his or her employees a copy of an accurate itemized statement in writing showing, among other things, "the name and address of the entity that is the employer," for at least three years.

78. During the relevant time period, Defendants, intentionally and willfully failed to maintain copies of accurate itemized wage statements as required by Labor Code section 226(a).

79. Wherefore, Plaintiff and the other members of the Wage Statement Class have been injured as set forth above and request relief as hereafter provided.

## SEVENTH CAUSE OF ACTION
### VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ*.
(Unfair Business Practices)
**Against Paramount Equity and Does 1 through 100**

80. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

81. The statutory violations, as alleged above, are unfair business practices within the meaning of the Unfair Competition Law (Business and Professions Code sections 17200 *et seq*).

82. Wherefore, Plaintiff and the other members of the Class have been damaged as set forth above and request relief as hereafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

**As to the First through Seventh Causes of Action:**

1. That this Court certify the Class identified in Paragraph 34;
2. That this Court certify Plaintiff as the representative of the Class identified in Paragraph 34;
3. That this Court award actual, compensatory, special, and general damages as well as restitutionary relief to Plaintiff and the members of the Class;
4. That this Court award injunctive relief, including that available under Labor Code section 226(h) and Business and Professions Code Section 17203;
5. That this Court award unpaid premium pay as required by Labor Code section 226.7 and the applicable IWC Wage Order(s);
6. That this Court award penalties including, but not limited to, those available under 29 U.S.C. 216(b) and Labor Code sections 203, 226, 226.7, 558, and 1194;
7. That this Court award statutory attorneys' fees and costs, including those available under 29 U.S.C. § 2616(b), Labor Code sections 218.5, 226(e)(1), 226(h), and 1194, as well as Code of Civil Procedure section 1021.5;

8. That this Court award prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and

9. That this Court award such other and further relief as the court deems just and proper.

**DATED:** February 16, 2017                                **MAYALL HURLEY P.C.**

By     /s/ Robert J. Wasserman
WILLIAM J. GORHAM
NICHOLAS J. SCARDIGLI
ROBERT J. WASSERMAN
VLADIMIR J. KOZINA
Attorneys for Plaintiff,
DENISE TITUS