UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE TITUS,<br><br>          Plaintiff,<br><br>     v.<br><br>PARAMOUNT EQUITY MORTGAGE, LLC; and DOES 1–100, inclusive,<br><br>          Defendant. | No.  2:17-cv-00349-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Denise Titus brings this Fair Labor Standards Act ("FLSA") class action against Defendant Paramount Equity Mortgage, LLC, alleging violations of the FLSA and of the California Labor Code.  Now before the Court is Defendant's Motion to Compel Arbitration, ECF No. 9, in which Defendant claims an arbitration agreement signed by the parties requires Plaintiff to bring her claims in arbitration and on an individual basis only.  Because the relevant clauses of that agreement are unenforceable, Defendant's motion is DENIED.[1]

///

///

///

**BACKGROUND**

---

[1] Because oral argument would not be of material assistance, the Court ordered the matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

1

Plaintiff was hired as an hourly, non-exempt employee for Defendant in August of 2015.  First Am. Compl. ("FAC"), ECF No. 6, ¶¶ 7, 9.  While Plaintiff's FAC does not allege exactly when her employment began or terminated, Defendants state that Plaintiff worked for Defendant "from approximately September 14, 2015[,] through November 2016."  Def.'s Mot. to Compel Arbitration, at 6.  Plaintiff alleges that Defendant violated a number of employment laws, including various provisions regulating overtime wages and wage statements.  See, e.g., FAC, ¶¶ 10, 20.  Plaintiff also brings suit under California's Private Attorney General Act ("PAGA"), see id. ¶¶ 85–90, which allows private parties to pursue civil penalties for violations of the California Labor Code.

As a prerequisite to Plaintiff's employment, she signed an arbitration agreement on September 14, 2015.  Decl. of Angela Friedman, ECF No. 9-1, ¶ 3.  In relevant part, that agreement provides:

> Agreement to Arbitration.  To resolve employment disputes in an efficient and cost-effective manner, you and Paramount Equity Mortgage ("the Company") agree that any and all claims arising out of or related to your employment that could be filed in a court of law . . . shall be submitted to final and binding arbitration, and not to any other forum. . . .
>
> 1. Class Action Waiver.  You and Company agree to bring any dispute on an individual basis only, and not as part of a class or collective action.  You and Company agree to waive any right to a class or collective action . . . .
>
> 2. PAGA Action Waiver.  You and Company agree to bring any dispute on an individual basis only, and not as part of a representative action pursuant to the Labor Code Private Attorneys General Act of 2004 . . . .

Decl. of Angela Friedman, Ex. B, ECF No. 9-3, at 2.

///
///
///
///
///

2

## STANDARD

The Federal Arbitration Act ("FAA") provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA allows a party to seek a court order compelling arbitration where another party refuses to arbitrate. 9 U.S.C. § 4. Valid arbitration agreements must be "rigorously enforced." Perry v. Thomas, 482 U.S. 483, 490 (1987). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985).

Generally, in deciding whether a dispute is subject to the arbitration agreement, a court must answer two questions: (1) "whether a valid agreement to arbitrate exists," and, if so, (2) "whether the agreement encompasses the dispute at issue." Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000). If a party seeking arbitration establishes these two factors, the court must compel arbitration. See 9 U.S.C. § 4; Chiron, 207 F.3d at 1130. Accordingly, the Court's role "is limited to determining arbitrability and enforcing agreements to arbitrate, leaving the merits of the claim and any defenses to the arbitrator." Republic of Nicaragua v. Standard Fruit Co., 937 F.2d 469, 479 (9th Cir. 1991).

In determining the existence of an agreement to arbitrate, the district court looks to "general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration." Wagner v. Stratton Oakmont, Inc., 83 F.3d 1046, 1049 (9th Cir. 1996). "Although 'courts may not invalidate arbitration agreements under state law applicable only to arbitration provisions,' general contract defenses such as fraud, duress, or unconscionability, grounded in state contact law, may operate to

3

invalidate arbitration agreements." Circuit City Stores, Inc. v. Adams, 279 F.3d 889, 892 (9th Cir. 2002) (quoting Doctor's Ass'n., Inc. v. Casarotto, 517 U.S. 681, 687 (1996)). However, courts cannot apply even generally applicable defenses to contract enforceability, such as duress and unconscionability, in a way that disfavors and undermines arbitration. AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 342 (2011).

Finally, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is a construction of the contract language or an allegation of waiver, delay, or like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24–25 (1983). A motion to enforce an arbitration agreement "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582–83 (1960).

**ANALYSIS**

**A.   Class Action Waiver**

In Morris v. Ernst & Young, LLP, 834 F.3d 975 (9th Cir. 2016), cert. granted, 137 S. Ct. 809 (2017),[2] the Ninth Circuit held that an employment contract that required employees to pursue claims in "separate proceedings" as a condition of employment violated the NLRA, id. at 983–84. It did so because the NLRA's protection of concerted activity grants employees "the right to pursue work-related legal claims together." Id. at 980 (citing 29 U.S.C. § 157; Eastex, Inc. v. NLRB, 437 U.S. 556, 566 (1978)). Plaintiff argues that Morris renders the class action waiver at issue here similarly unenforceable

---

[2] Defendant claims that "as the Supreme Court of the United States granted certiorari in Morris on January 13, 2017, any precedential or authoritative value of the Ninth Circuit's decision is gone." Def.'s Reply, ECF No. 3. However, "[t]he grant of a petition for certiorari does not affect the decision to be reviewed, but only indicates that the federal question will be resolved by the Supreme Court." 5 Am. Jur. 2d Appellate Review § 365, Westlaw (database updated May 2017). Accordingly, Defendant's arguments that Morris was wrongly decided are unavailing—Morris is still binding upon this Court.

as violative of the NLRA.  Defendant, however, argues that Morris is distinguishable since, unlike in Morris, the arbitration agreement here allows employees to still bring litigation claims jointly, so long as the action is not a class or collective action (e.g., through use of joinder).

      Plaintiff has the better argument.  Morris is dispositive—class action waivers signed as a condition of employment are unenforceable.  See Whitworth v. Solarcity Corp., Case No.16-cv-01540-JSC, 2016 WL 6778662, at *3 (N.D. Cal. Nov. 16, 2016) (finding a class action waiver that required claims to be "brought on an individual basis only" violative of the NLRA because the agreement was a condition of employment). Section 8 of the NLRA not only prohibits complete bars of concerted action, it also precludes employers from "interer[ing] with" or "restrain[ing]" employees from engaging in concerted activity.  29 U.S.C. § 158(a)(1).  Because class actions are a form of concerted activity, the class action waiver at issue here does exactly what § 8 prohibits. Defendant provides no authority to support its apparent contention that restrictions on concerted activity are permissible simply because an alternative exists.  Cf. Ross v. P.J. Pizza San Diego, LLC, Case No.: 3:16-cv-02330-L-JMA, 2017 WL 1957584, at *2 (S.D. Cal. May 11, 2017) (holding that a waiver violates the NLRA when it prohibits joint, class, or collective claims).  Accordingly, the class action waiver at issue here is unenforceable.

      Further, because "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so," Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 684 (2010) (emphasis removed), the class cannot be compelled to arbitrate its class claims.  Thus, the "arbitration agreement, without the class waiver, would still run afoul of Morris because the parties cannot be compelled to submit to class arbitration." Gonzalez v. Ceva Logistics U.S., Inc., Case No. 16-cv-04282-WHO, 2016 WL 6427866, at *7 (N.D. Cal. Oct. 31, 2016).  Accordingly, Plaintiff cannot be compelled to arbitrate her claims on the basis of the arbitration agreement she signed as a condition of her employment.

///

**B.     PAGA Waiver**

Defendant also relies on the PAGA waiver's restriction that Plaintiff "bring any dispute on an individual basis only" in support of its motion to compel.  However, binding precedent also squarely renders the arbitration agreement's PAGA waiver unenforceable.  The California Supreme Court has held that California Civil Code §§ 1668 and 3513 prohibit the enforcement of PAGA waivers.  See Iskanian v. CLS Transp. L.A., LLC, 59 Cal. 4th 348, 382–83 (2014).  Furthermore, the Ninth Circuit has addressed Iskanian in light of the FAA, holding that the FAA does not preempt California's prohibition of PAGA waivers.  See Sakkab v. Luxottica Retail N. Am., Inc., 803 F.3d 425, 433 (9th Cir. 2015).  That is, the federal law Defendant relies on in support of its motion has no effect on the rule professed in Iskanian, and accordingly, the PAGA waiver at issue here is unenforceable.  Thus, the PAGA waiver provides no support for Defendant's motion to compel arbitration and dismiss the case.

## CONCLUSION

For the reasons provided above, Defendant's Motion to Compel Arbitration, ECF No. 9, is DENIED.

IT IS SO ORDERED.

Dated:  August 31, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

6