UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE TITUS, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>PARAMOUNT EQUITY MORTGAGE, LLC; and DOES 1-100, inclusive,<br><br>    Defendants. | Case No.: 2:17-cv-00349-MCE-KJN<br><br>ORDER GRANTING MOTION FOR CONDITIONAL CERTIFICATION OF CLASS |

Through the Motion now before this Court, Plaintiff Denise Titus ("Plaintiff") seeks conditional certification pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act of a class of non-exempt employees employed by Defendant Paramount Equity Mortgage, LLC ("Defendant"). After considering said Motion, Defendant's opposition thereto and the reply memorandum submitted by Plaintiff, the Court GRANTS Plaintiff's Motion (ECF No. 26) as set forth below.[1]

---

[1] Having determined that oral argument was not of material assistance, the Court submitted Plaintiff's Motion on the briefs in accordance with Local Rule 230(g).

The Court finds that Plaintiff has satisfied the lenient "similarly situated" requirements of 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"). Accordingly, the Court conditionally certifies an FLSA class consisting of:

> All current and former hourly, non-exempt employees of Paramount Equity who received commissions, non-discretionary bonuses and/or other items of compensation and worked more than 8 hours in a day or 40 hours in a workweek, and who were not included in the class action styled as *Tran, et al. v. Paramount Equity Mortgage, LLC*, Orange County Superior Court Case No. 30-2015-00827323-CU-OE-CJC, either by having opted-out or by having not been included in the class description in that action, from February 16, 2014 through March 1, 2016 (the "Putative FLSA Class Members").

The Court notes that Defendant has not opposed conditional certification of this class. Instead, Defendant's opposition targets the periods for which Plaintiff claimed the applicable statute of limitations should be tolled as to the claims of potential class members. In addition, Defendant opposes certain particulars concerning the notice process, claiming that a third party administrator should be utilized in order to maintain third party privacy rights, and objecting to certain provisions of the proposed notice to be sent to class members.

In accordance with the parties' stipulation (ECF No. 30) to toll the statute of limitations from May 19, 2017 until thirty days following the conclusion of the parties' upcoming mediation, which they anticipate completing by September 19, 2018, the Court issued a May 17, 2018 order tolling the statute for that period (ECF No. 31). Accordingly, the statute of limitations issue raised by Plaintiff has now been resolved. Additionally, given Plaintiff's offer to meet and confer concerning the propriety of the proposed notice to class members, and given what appears to be Plaintiff's willingness to reconsider, if necessary, the particular issues raised by Defendant as to that notice, the parties are directed to meet and confer concerning those issues and to notify the Court as to whether any differences have been

resolved not later than the time the parties' Joint Status Report is due in accordance with the Court's Order of May 17, 2018. The parties are further directed to submit a proposed order as to any changes agreed upon to the notice for class members, and if agreement is not forthcoming each side should proffer their own proposed order for the Court's consideration.

The Court approves as unopposed the proposed 90-day notice period from the sending of the Notice for Putative FLSA Class Members to postmark their Consents to Join and mail such Consents. The Court further appoints Mayall Hurley, P.C. as Class Counsel.

**IT IS SO ORDERED.**
**Dated: August 14, 2018**

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE